IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

JUL 24 2024

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OLAJIDE BENJAMIN AYILARAN<br>a/k/a "Benji,"<br><br>*Defendant.* | Case No. 1:24-CR-164<br><br>Count 1: 18 U.S.C. § 1591(a)(1), (b)(2) and (c)<br>Sex Trafficking of a Child<br><br>Count 2: 18 U.S.C. § 2251(a) and (e)<br>Sexual Exploitation of a Child<br><br>Count 3: 18 U.S.C. § 2252(a)(4)(B) and (b)(2)<br>Possession of Child Pornography<br><br>Forfeiture Notice |

## INDICTMENT

July 2024 Term—at Alexandria, Virginia

### COUNT ONE
(Sex Trafficking of a Child)

THE GRAND JURY CHARGES THAT:

From at least on or about November 21, 2023, until on or about February 29, 2024, in Fairfax County, Virginia, within the Eastern District of Virginia, in and affecting interstate and foreign commerce, the defendant, OLAJIDE BENJAMIN AYILARAN, a/k/a "Benji," did knowingly recruit, entice, harbor, transport, obtain, maintain, patronize, and solicit a minor, Minor 1, having had a reasonable opportunity to observe Minor 1 and knowing and in reckless disregard that Minor 1 was under the age of 18 years and would be caused to engage in a commercial sex act.

(All in violation of Title 18, U.S. Code, Section 1591(a)(1), (b)(2) and (c)).

## COUNT TWO
### (Sexual Exploitation of a Child)

THE GRAND JURY FURTHER CHARGES THAT:

From at least on or about November 21, 2023, until on or about February 29, 2024, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant, OLAJIDE BENJAMIN AYILARAN, a/k/a "Benji," did attempt to and did employ, use, persuade, induce, entice, and coerce a minor, Minor 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct. Such visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

(All in violation of Title 18, U.S. Code, Section 2251(a) and (e).)

## COUNT THREE
### (Possession of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

On or about March 18, 2024, in Fairfax County, Virginia, within the Eastern District of Virginia, the defendant, OLAJIDE BENJAMIN AYILARAN, a/k/a "Benji," did knowingly possess and attempt to possess at least one matter containing a visual depiction that had been transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depiction was produced using materials which had been mailed and so shipped and transported, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, to wit: sexually explicit videos and images of minors stored on an Apple iPhone 14 Plus (S/N YHG719XVX6).

It is further alleged that at least one visual depiction involved in the offense involved a prepubescent minor and a minor who had not attained 12 years of age engaging in sexually explicit conduct.

(All in violation of Title 18, U.S. Code, Section 2252(a)(4)(B) and (b)(2).)

## **FORFEITURE NOTICE**

THE GRAND JURY FURTHER FINDS THAT:

The defendant, OLAJIDE BENJAMIN AYILARAN, a/k/a "Benji," is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of the offense alleged in Count One of this Indictment, he shall forfeit to the United States, pursuant to 18 U.S.C. §§ 1594(d)(1) and (d)(2), the following: (1) the defendant's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and (2) any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property.

The defendant is further notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of Counts Two or Three of this Indictment, he shall forfeit to the United States: (1) any visual depiction described in 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260, and any matter that contains any such visual depiction, which was produced, transported, mailed, shipped, and received in violation of this chapter; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, and any property traceable to such property.

The property subject to forfeiture includes, but is not limited to, an Apple iPhone 14 Plus (S/N YHG719XVX6).

If any property subject to forfeiture is unavailable, the United States may seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(All in accordance with Title 18, United States Code, Sections 2253(a) and 1594(d); Title 21, United States Code, Section 853(p); and Fed. R. Crim. P. 32.2.)

A TRUE BILL

*Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office*

FOREPERSON

Jessica D. Aber
United States Attorney

By: /s/ Lauren Halper
Lauren Halper
Vanessa Strobbe
Assistant United States Attorneys